UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, | |
| Plaintiff, | Civil Action No. 3:16-cv-00192 |
| v. | District Judge _____ |
| JOHN D. JAMES d/b/a JAMES BODY SHOP & WRECKER SERVICE, | Magistrate Judge _____ |
| Defendant. | |

## COMPLAINT

Comes Total Transportation of Mississippi, LLC ("**TTM**"), by counsel, files its Complaint against Defendant, John D. James d/b/a James Body Shop & Wrecker Service ("**Mr. James**"), and states the following:

## PARTIES

1. TTM is a Mississippi limited liability company with its principal place of business in Richland, Mississippi.

2. Mr. James is a citizen of the State of Tennessee and at all times material hereto was operating a body shop and wrecker service business at 2455 Maremont Parkway, Loudon, TN 37774-1066. Mr. James' wrecker business operated under United States DOT Number 435297, and Mr. James may be served with process at the address of his business.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. TTM is a

1

citizen of the State of Mississippi and has its principal place of business in the State of Mississippi. Mr. James is a citizen of the State of Tennessee. Thus, there is complete diversity of citizenship between the parties.

4. This Court is the proper venue of this action pursuant to 28 U.S.C. § 1391(a)(1) and (b)(2) in that a substantial part of the events or omissions giving rise to TTM's claim occurred in this judicial district, as set forth below.

**FACTS**

5. TTM is a property motor carrier operating in interstate commerce under authority granted by the United States Department of Transportation, Federal Motor Carrier Safety Administration, DOT Number 434467. On the afternoon of Saturday, September 5, 2015, one of TTM's truck tractors, a 2015 Freightliner Cascadia with Vehicle Identification Number 3AJGLD59FSFP6667, developed a low coolant status while traveling on Interstate 40 East near Cookeville, Tennessee in route from Greenville, Mississippi to deliver a load of Uncle Ben's Rice to Krasdale Foods in Bronx, New York.

6. TTM decided to have the truck tractor towed from Cookeville, Tennessee to its terminal in Loudon, Tennessee and hired Mr. James to perform the towing. Although TTM contacted Mr. James' wrecker service in the late afternoon on September 5, it was approximately midnight before Mr. James' wrecker arrived in Cookeville. Mr. James did not send one of his usual employee wrecker operators from his Loudon, Tennessee shop to provide the towing services; he sent Melvin William Watson from Madisonville, Tennessee to respond to the wrecker call with one of Mr. James' wreckers.

7. Mr. Watson arrived in Cookeville with Mr. James' 1988 Freightliner twin rear axle Class C wrecker. Mr. Watson hooked the wrecker to the front of TTM's 2015 Freightliner Cascadia and left TTM's 53-foot dry van trailer hooked to TTM's tractor to tow both the

2

Freightliner tractor and the van trailer loaded with approximately 32,000 pounds of Uncle Ben's Rice in combination as a single tow. The distance that Mr. Watson intended to tow the tractor-trailer combination was approximately 95 miles and included the mountainous descent from the Cumberland Plateau eastbound on Interstate 40 to TTM's terminal in Loudon.

8. Although Mr. James had a much heavier rear tri-axle Class C wrecker more suitable for the job, particularly if Mr. James intended to tow the truck tractor and loaded trailer as a single combination unit all the way to TTM's terminal in Loudon, Tennessee, Mr. James did not select that wrecker for the job, choosing instead to send the much lighter weight twin axle wrecker to provide the tow.

9. After towing TTM's equipment across the Plateau, down the mountain and to the intersection of Interstate 75, Mr. Watson headed south on Interstate 75 toward the Loudon, Tennessee exit, Exit No. 72, which is less than two miles from TTM's terminal. As Mr. Watson proceeded south on I-75, a tire on TTM's truck tractor blew out, making a loud "boom" that Mr. Watson heard inside the cab of the wrecker.

10. Despite hearing the loud "boom" and knowing that a tire had blown, Mr. Watson continued driving south on I-75 without stopping to investigate the blowout. A few minutes later, another tire on TTM's truck tractor blew out, again making a loud "boom" that could be heard inside the cab of the wrecker.

11. After the second tire blowout, which occurred approximately one mile north of Exit 72, Mr. Watson pulled onto the right shoulder of I-75 south and stopped to investigate the blowouts.

12. Mr. Watson discovered a fire at the right drive axles on TTM's tractor and used a fire extinguisher from the wrecker to attempt to put out the fire. Having used up the contents of

3

that fire extinguisher, he used the fire extinguisher from TTM's tractor and exhausted its contents without any success in putting out the fire. TTM's driver urged Mr. Watson to disconnect the wrecker from TTM's tractor so the tractor could be separated from the trailer before the fire escalated. Mr. Watson insisted that the fire could be put out and proceeded to try to put out the fire using a rag or cloth. His efforts to do so failed, and the fire continued to escalate. TTM's driver ran from the scene to protect himself, knowing that he had just topped off his fuel at the truck stop in Cookeville. The fire spread to the sleeper compartment and cab of TTM's tractor and to TTM's trailer, ultimately rendering the tractor, the trailer and the cargo each a total loss before the fire could be extinguished by a local fire department.

13. Mr. Watson responded to TTM's wrecker call utilizing Mr. James' 1988 Freightliner wrecker at the direction of Mr. James, under Mr. James' control and supervision and for Mr. James' use and benefit. All of Mr. Watson's actions, conduct and decision making occurred within the course and scope of his employment with Mr. James and as Mr. James' agent. Mr. James is liable for all acts of negligence and recklessness of Mr. Watson determined by the jury to have been a proximate cause of TTM's damages pursuant to the doctrines of vicarious liability, agency and *respondeat superior*.

14. All of TTM's damages in the principal amount of approximately $200,000 arise out of conduct and events that occurred while its tractor-trailer was within the sole custody, control and possession of Mr. James' wrecker service.

## FIRST CAUSE OF ACTION -- NEGLIGENCE

15. TTM realleges and incorporates by reference its allegations in Paragarphs 1 through 14 above as if restated verbatim herein.

16. The sole, direct and proximate cause of the destruction by fire of TTM's truck tractor and its contents and accessories, TTM's dry van trailer, the cargo on board the trailer and

all other damages and losses sustained by TTM as a result of the subject fire was the negligence and recklessness of Mr. James and his wrecker operator, Mr. Watson, in one or more of the following respects:

    a. Failure to stop promptly to inspect and investigate the wrecker and the towed unit after hearing the first loud "boom" from a tire blowout;

    b. Continuing to tow TTM's equipment until after a second loud "boom" occurred from a second tire blowout;

    c. Failure to stop immediately to inspect and investigate the wrecker and the towed unit after the second loud "boom" from a tire blowout;

    d. Failure to unhook and separate TTM's truck tractor from the wrecker upon discovering the fire;

    e. Failure to unhook and separate TTM's trailer from its truck tractor after discovering the fire in order to protect the trailer and the cargo on board;

    f. Determining to tow TTM's truck tractor and loaded 53' van trailer as a single combination unit on a trip of approximately 95 miles that also included mountainous downhill terrain; and

    g. Selecting and utilizing the subject twin rear axle wrecker to tow TTM's truck tractor and loaded 53' van trailer as a single combination unit on a trip of approximately 95 miles that also included mountainous downhill terrain.

Mr. James is therefore liable to TTM for all damages and losses it incurred in the approximate principal amount of $200,000, including but not limited to reimbursements to its driver for his loss of personal property on board the truck, his lost earnings and TTM's expenses in providing

5

759777
Case 3:16-cv-00192-CCS   Document 1   Filed 04/21/16   Page 5 of 7   PageID #: 5

transportation to the driver until he could be reseated in another truck and TTM's required payment of its customer's cargo loss claim.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT

17. TTM realleges and incorporates by reference its allegations in Paragraphs 1 through 16 above as if restated verbatim herein.

18. In agreeing to tow TTM's equipment, Mr. James agreed to perform all services in connection therewith in a reasonable, workmanlike, professional manner utilizing the knowledge, care and skill of a professional wrecker service authorized by the State of Tennessee Department of Safety and Homeland Security to tow tractor-trailer combinations.

19. Mr. James breached his agreement with TTM in failing to perform all services for which it hired him in a reasonable, workmanlike, professional manner. As a result of Mr. James' breach of contract, TTM has suffered damages in the approximate principal amount of $200,000.

## PRAYER FOR RELIEF

WHEREFORE, TTM requests that:

    a. Proper process issue and be served upon Mr. James requiring him to answer the allegations of this Complaint;

    b. TTM be awarded damages in an amount sufficient to compensate it for all losses, damages and expenses incurred arising from the fire and the destruction of its truck tractor and its accessories and contents, the destruction of the 53' dry van trailer and the cargo on board, the reimbursement of its driver's losses and expenses, the scene cleanup expenses, the recovery and towing expenses to remove the remains of its equipment and cargo from the scene, landfill charges to receive the cargo and other miscellaneous losses, damages and expenses in the specific amounts to be shown at trial;

6
759777
Case 3:16-cv-00192-CCS   Document 1   Filed 04/21/16   Page 6 of 7   PageID #: 6

c.	The Court award TTM pre-judgment interest, costs, including but not limited to its discretionary costs incurred in prosecuting this action, to the maximum extent allowed by law; and

d.	The Court grant such other and further general relief to TTM as the Court deems just and appropriate.

TTM demands a jury to try the issues when joined.

>Respectfully submitted,
>
>**BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, PC**
>
>By:	s/K. Stephen Powers
>	K. Stephen Powers, #007088
>	Travis B. Holly, #023289
>	1900 Republic Center
>	633 Chestnut Street
>	Chattanooga, TN  37450
>	(423) 756-2010
>	(423) 752-9518 (fax)
>	spowers@bakerdonelson.com
>	tholly@bakerdonelson.com
>	Attorneys for Plaintiff